## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GLORIA HUNTER, AND ) <br> JESSICA HUNTER, ) <br>                  Plaintiffs, ) <br> v. ) <br> ) <br> THE BUCKLE, INC., TOWN CENTER ) <br> PLAZA, LLC, DEVELOPERS ) <br> DIVERSIFIED REALTY CORPORATION, ) <br> CITY OF LEAWOOD, KANSAS, ) <br> ) <br>                  Defendants. ) <br> _____) <br> TOWN CENTER PLAZA, LLC, AND ) <br> DEVELOPERS DIVERSIFIED REALTY, ) <br> ) <br>                  Third Party Plaintiffs, ) <br> v. ) <br> ) <br> IPC INTERNATIONAL CORP., ) <br> ) <br>                  Third Party Defendant. ) | Case No. 06-02056-JWL-DJW |

## **PROTECTIVE ORDER**

NOW on this 15th day of September, 2006, the above-captioned matter comes on for consideration by the Court.  The parties have filed a Joint Motion for Protective Order (doc. 52) requesting a Protective Order because they seek to discover and/or produce information, documents and things including, but not limited to, medical records, personnel files of parties and non-parties, criminal investigation records, internal policies and procedures of law enforcement agencies and other similar matter.

Due to the nature of the allegations contained in Plaintiffs' Complaint, the Court finds that it may be necessary for the parties to produce relevant information, documents and things pertaining to parties and non-parties considered to be confidential pursuant to the Kansas Open Records Act, and are recognized to be confidential by the Kansas Supreme Court in *Berst v. Chipman*, 232 Kan. 180 (1982); 42 U.S.C. § 1320(d) et. seq.; and 45 C.F.R. § 164.512(e)(1).  Therefore, this Court finds good cause exists for the entry of this Order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**:

1. This Protective Order shall govern the following documents or other discovery materials: (a) documents from the personnel file of any current or former employee of Defendants other than Plaintiffs, or other documents which name or otherwise identify any such current or former employee of Defendants other than Plaintiffs, and (b) documents that contain financial, medical or proprietary material of Plaintiffs or Defendants, which documents or materials are produced in response to any discovery requested or obtained by Plaintiffs or Defendants in the above-captioned case and are designated "Confidential."

2. It is understood by the parties that all such documents specifically so designated by any party, and the information contained in such documents, are confidential as the documents contain personal, financial, medical, proprietary or otherwise confidential information.

3. All such documents so designated by any party, and the information contained in such documents, shall be treated as confidential by all persons covered by this Agreement, and shall be used solely for the prosecution or defense of this action. No such document, and no information contained in any such document, shall be disclosed to anyone, in any manner whatsoever, except as provided herein.

4. Nothing in the Protective Order shall be construed to prevent counsel for either party from using such documents at hearing or trial in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure, or from disclosing such documents, and the information contained in such documents, to persons assisting counsel in the preparation or presentation of either party's case, or from exhibiting any such documents or confidential information to said persons assisting counsel or to deponents during the course of their depositions, or to court reporters. Nothing in the Protective Order shall prevent Plaintiffs or Defendants from using for any other business purpose of Plaintiffs or Defendants the documents or the information contained therein which it produces to Plaintiffs or Defendants.

5. Disclosure shall not be made of any such document to any individual including expert witnesses (but excluding counsel or support staff) unless and until counsel shall have first presented to such individual a copy of the Protective Order. All counsel shall require such person to read the Protective Order

and to acknowledge reading and understanding the terms of the Protective Order by placing his or her signature on a separate sheet attached to the Protective Order. All such persons shall be bound by the terms of the Protective Order and shall not permit disclosure or exhibition of the documents, or information contained in such documents, other than pursuant to the terms of the Protective Order.

6. The parties may consent that a document produced pursuant to discovery may be removed from the scope of the Protective Order. Such consent shall be indicated in writing addressed to the opposing counsel.

7. If a party considers a document not to be confidential and desires the removal of such designation, counsel for that party shall discuss the matter with the opposing counsel to ascertain if confidentiality by agreement may be lifted or narrowed. If agreement of counsel cannot be had, then the Court may, upon application, make such order as is appropriate in the circumstances.

8. It is further understood that no copies shall be made of any documents produced by either party, unless necessary in connection with this litigation.

9. The termination of proceedings in this action shall not relieve any person to whom confidential material has been disclosed from the obligations of the Protective Order, unless the Court orders otherwise.

10. This Order is not rendered to the prejudice of either party to seek further protective orders throughout the process of discovery or otherwise during this litigation.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Protective Order (doc. 52) is granted.

**IT IS SO ORDERED**.

Dated this 19th day of September 2006.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

**APPROVED BY:**

FISHER, PATTERSON, SAYLER & SMITH, LLP

/s/ Michael K. Seck
Michael K. Seck, #11393
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas  66210
(913) 339-6757 / (913) 339-6187 (FAX)
mseck@fisherpatterson.com
and

Patricia A. Bennett, #13633
City Attorney
4800 Town Center Drive
Leawood, KS 66211
(913) 339-6700 ext. 222/ Fax: (913) 339-9325
pattyb@leawood.org
**ATTORNEYS FOR DEFENDANT**
**CITY OF LEAWOOD, KANSAS**


FIELDS & BROWN, LLC

/s/ James D. Bowers
James D. Bowers, dbowers@fieldsandbrown.com
Keith S. Rhodes, krhodes@fieldsandbrown.com
Taylor Fields, tfields@fieldsandbrown.com
1100 Main Street, Suite 1600
Kansas City, MO 64105
(816) 474-1700/Fax: (816) 421-6239
**Attorney for Plaintiffs**

BATY, HOLM & NUMRICH, PC


/s/ David W. Hauber
David W. Hauber
210 Plaza West Building
4600 Madison Avenue
Kansas City, MO 64112
(816) 531-7200/Fax: (816) 531-7201
dhauber@batyholm.com
**Attorney for Defendant**
**The Buckle, Inc.**

SPENCER FANE BRITT & BROWNE

/s/ W. Joseph Hatley
W. Joseph Hatley
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 292-8392/Fax: (816) 474-3216
jhatley@spencerfane.com
**Attorneys for Defendants/Third Party Plaintiffs**
**Town Center Plaza, LLC and Developers**
**Diversified Realty Corporation**


HORN, AYLWARD & BANDY LLC

/s/ Sarah Yehle Fulkerson
Sarah Yehle Fulkerson
2600 Grand Avenue, Suite 500
Kansas City, MO 64108
(816) 421-0700/Fax: (816) 421-0899
sfulkerson@hab-law.com
**Attorneys for Defendant**
**IPC International Corp.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GLORIA HUNTER, AND ) | |
| JESSICA HUNTER, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 06-02056-JWL-DJW |
| ) | |
| THE BUCKLE, INC., TOWN CENTER ) | |
| PLAZA, LLC, DEVELOPERS ) | |
| DIVERSIFIED REALTY CORPORATION, ) | |
| CITY OF LEAWOOD, KANSAS, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| TOWN CENTER PLAZA, LLC, AND ) | |
| DEVELOPERS DIVERSIFIED REALTY, ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| v. ) | |
| ) | |
| IPC INTERNATIONAL CORP., ) | |
| ) | |
| Third Party Defendant. ) | |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the provisions of the Protective Order (the "Order") entered by the Court in this action on _____, 200___ and agrees to be bound by the terms of the Order. Specifically,

1. I agree that I will use records and information subject to the Order only for purposes of this case, including any appeals, and not for any other purpose;

2. I agree that I will disclose records and information protected by the Order only to the Court, the parties to this case and their attorneys of record, persons regularly in the employ of such attorneys, and any experts or consultants hired for this case by the parties or their attorneys and who (with the exception of the Court and the parties' employees or counsel) have signed an Acknowledgment Form like this one;

3. I agree that I will abide by all other terms of the Order;

**EXHIBIT A**

O0238327.WPD;1

      4.      I hereby confirm that my obligations under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

Dated: _____

                                                          _____

                                                                                 (Signature)

                                                        _____

                                                                    (Printed Name)

**EXHIBIT A**