## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Gloria Hunter and Jessica Hunter,**

        **Plaintiffs,**

**v.**                                                                                        **Case No. 06-2056-JWL**

**The Buckle, Inc.; Town Center Plaza, LLC;**
**Developers Diversified Realty Corporation;**
**IPC International Corporation; and**
**City of Leawood, Kansas,**

        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiffs filed suit against defendants asserting claims of race discrimination under 42 U.S.C. § 1981 as well as state law claims of false imprisonment, defamation and false light. This matter is presently before the court on defendant City of Leawood's motion to dismiss plaintiffs' section 1981 claims for failure to state a claim (doc. 59); defendant IPC International Corporation's motion to dismiss plaintiffs' state law claims for failure to state a claim (doc. 61); and plaintiffs' motion for leave to file an amended complaint (doc. 72). As will be explained, the motions to dismiss are both granted and plaintiffs' motion for leave to file an amended complaint is granted to the extent they seek to file an amended complaint asserting section 1983 claims against the City of Leawood and is otherwise denied.

*Background*

Plaintiffs' claims in this lawsuit arise out of an incident occurring on February 20, 2005.

On that date, plaintiffs were shopping at defendant The Buckle, Inc., an apparel store located at defendant Town Center Plaza, LLC shopping center (which, according to plaintiffs, is in turn owned by defendant Developers Diversified Realty Corporation) in Leawood, Kansas.  In their initial complaint and their amended complaint, plaintiffs alleged that they were subsequently detained, interrogated and handcuffed by officers of the City of Leawood's police department as well as security personnel for The Buckle, Town Center Plaza and/or Developers Diversified Realty Corporation, who accused plaintiffs of conspiring to defraud The Buckle by passing bad checks.  Plaintiffs further allege that employees or agents of The Buckle, Town Center Plaza and Developers Diversified Realty Corporation instigated and encouraged plaintiffs' detention.

In June 2006, several months after the filing of their initial complaint, plaintiffs moved for leave to file a second amended complaint adding a new defendant, IPC International Corporation.  Plaintiffs were granted leave and their second amended complaint was filed on July 11, 2006.  According to plaintiffs, at the time of the filing of their initial and first amended complaints, they did not realize that the security personnel who contributed to their injuries were not employed by The Buckle, Town Center Plaza and/or Developers Diversified Realty Corporation but were, in fact, employed by IPC, with whom the other named defendants had contracted to provide security services.

*City of Leawood's Motion to Dismiss*

Defendant City of Leawood moves to dismiss plaintiffs' section 1981 claims on the grounds that section 1981 does not provide an independent cause of action against a municipality

2

and section 1983 is the sole means for a plaintiff to pursue a section 1981 claim against a municipality. The City's argument is correct. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1134-37 (10th Cir. 2006). In response, plaintiffs acknowledge the merits of the City's argument and have filed a motion to amend their complaint to clarify that they are pursuing their section 1981 claims against the City solely through the remedies provided by section 1983. The City has not replied to plaintiffs' response and has not opposed plaintiffs' motion for leave to file an amended complaint in this regard. Thus, the City's motion to dismiss is granted and plaintiffs' motion for leave to file an amended complaint is granted to the extent the seek to assert section 1983 claims against the City. Plaintiffs shall file their amended complaint no later than Friday, December 1, 2006.

*IPC International Corporation's Motion to Dismiss*

Defendant IPC International Corporation (hereinafter IPC) moves to dismiss plaintiffs' state law claims on the grounds that those claims are barred by the applicable one-year statute of limitations. *See* K.S.A. § 60-514. Indeed, it is undisputed that plaintiffs' state law causes of action arose on February 20, 2005 and, while plaintiffs filed their initial complaint on February 17, 2006 (prior to the expiration of the one-year statute of limitations applicable to their state law claims), that complaint did not name IPC as a defendant. Rather, plaintiffs did not assert claims against IPC until July 11, 2006, when they filed a second amended complaint adding IPC as a defendant. In response, plaintiffs assert that their July 11, 2006 amendment adding IPC as a defendant relates back to their initial filing on February 17, 2006 and seek to amend their

3

complaint to add facts supporting their relation-back argument.

Federal Rule of Civil Procedure 15(c) provides that an amended pleading will relate back to the date of the original pleading when

* * * *

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).  In its motion to dismiss, IPC challenges only the "mistaken identity" requirement.[1]  Pertinent to this requirement, plaintiffs asserted in their motion to amend their complaint to add IPC as a defendant that they "did not know the identity" of IPC at the time they filed their initial complaint.  In response to IPC's motion to dismiss, plaintiffs assert that they "did not know" that the defendants named in the initial complaint had contracted out their

---

[1]While the Tenth Circuit has yet to address the issue, several Circuit Courts of Appeals have held that federal courts should apply state law relation-back rules to amendments concerning claims where, like here, state law provides the applicable statute of limitations.  *See, e.g., Saxton v. ACF Indus., Inc*., 254 F.3d 959, 962-64 (11th Cir. 2001) (collecting and discussing cases).  Nonetheless, the parties here agree that the Kansas statute governing relation back, K.S.A. § 60-215(c), and Federal Rule of Civil Procedure 15(c) contain the same mistaken identity requirement and that the result in this case would therefore be the same regardless of whether the court applies Kansas law or federal law.  *See Prime Care of Northeast KS, LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1288 n.3 (10th Cir. 2006).

security operations to IPC and that plaintiffs' initial and first amended complaints were based on the "assumption the security workers were employees" of the named defendants.  IPC urges that plaintiffs' admitted lack of knowledge of IPC's identity is not a "mistake concerning the identity of the proper party" within the meaning of Rule 15(c)(3).  The court agrees.

In *Garrett v. Fleming*, 362 F.3d 692 (10th Cir. 2004), the district court had held that a plaintiff's lack of knowledge of the intended defendant's identity did not constitute a "mistake concerning the identity of the proper party" for purposes of Rule 15(c)(3).  The Tenth Circuit expressly agreed with the district court's interpretation of Rule 15(c)(3):

> As the Eleventh Circuit observed, the Advisory Committee Notes to Rule 15(c)(3) indicate that "the mistake proviso [was included] . . . in order to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'" *Wayne*, 197 F.3d at 1103 (quoting Fed. R. Civ. P. 15(c)(3), Advisory Committee Notes to 1991 Amendment).

*Garrett*, 362 F.3d at 696-97 (quoting *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999) (internal quotations omitted)); *accord Prime Care of Northeast KS, LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1288 n.3 (10th Cir. 2006) ("[A]n amendment adding defendants to a case will relate back, and thus not commence a new case, only when it really is not a new case against those defendants.").

Here, plaintiffs concede that they simply did not know at the time of their initial complaint that IPC was potentially liable to them for their injuries.  In other words, plaintiffs had no knowledge that the security workers who allegedly caused or contributed to plaintiffs' injuries worked for IPC as opposed to one of the named defendants.  This is not a case, then, where plaintiffs made a "drafting error" or misnamed the proper defendant and the court cannot

5

conclude that plaintiffs' misunderstanding about which entities might be liable for their alleged injuries is a "formal defect" of the type Rule 15(c)(3) was meant to address.  *See Hall v. Norfolk Southern Ry. Co.*, ___ F.3d ___, 2006 WL 3231420, at *5 (7th Cir. Nov. 9, 2006) (A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a "mistake" as to the defendant's "identity."); *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366 (4th Cir. 2006) ("[A] potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose–unless it is or should be apparent to the person that he is the beneficiary of a mere slip of the pen.") (quoting *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997)).   Thus, neither plaintiffs' second amended complaint asserting state law claims against IPC nor plaintiffs' proposed third amended complaint relate back to the date of their original complaint.  For these reasons, IPC's motion to dismiss plaintiffs' state law claims is granted and plaintiffs' motion to amend their complaint concerning their state law claims against IPC is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the City of Leawood's motion to dismiss plaintiffs' section 1981 claims for failure to state a claim (doc. 59) is granted; defendant IPC International Corporation's motion to dismiss plaintiffs' state law claims for failure to state a claim (doc. 61) is granted; and plaintiffs' motion for leave to file an amended complaint (doc. 72) is granted to the extent they seek to file an amended complaint asserting section 1983 claims against the City of Leawood and is otherwise denied.  Plaintiffs shall file their amended complaint no later than Friday, December 1, 2006.

6

**IT IS SO ORDERED.**

Dated this 20th day of November, 2006, at Kansas City, Kansas.

s/John W. Lungstrum
John W. Lungstrum
United States District Judge